IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
HARRISON DIVISION

MARK CORZINE                                                                                        PLAINTIFF

      v.                             Civil No. 10-3033

SHERIFF ROBERT GRUDEK and JOHN OR
JANE DOES 1-10; STATE OF ARKANSAS;
and PROSECUTING ATTORNEY ROBERTS
THOMAS ROGERS, II                                                                              DEFENDANTS

## REPORT AND RECOMMENDATION

      This civil rights action was filed by Mark Corzine pursuant to the provisions of 42 U.S.C. § 1983. Corzine proceeds *pro se* and *in forma pauperis*. Currently pending before me for report and recommendation are a motion to dismiss (Doc. 9) filed by Sheriff Robert Grudek and a motion to dismiss (Doc. 12) filed by the State of Arkansas and Prosecuting Attorney Robert T. Rogers, II. Plaintiff has not responded to either motion to dismiss.

## BACKGROUND

      Corzine is incarcerated in the Sterling Correctional Facility located in Sterling, Colorado. According to the allegations of the complaint, in 2003 he, at the urging of the Carroll County Sheriff's Department and "Judges" from Carroll County, authorized his extradition to the State of California. Pursuant to the terms of a plea bargain, Corzine alleges he was to be "releas[d] . . . of all the charges pending against him in Carroll County on case #04E5885.

      However, Corzine states the "charges are like a bad nightmare" and "keep re-occurring." Corzine indicates he has been told by prison officials that the Interstate Agreement on Detainer Act (IAD) only applies when a detainer has been issued. Corzine states a warrant has been

-1-

issued for his arrest for domestic violence and failure to appear. *See State's Exhibit* A (bench warrant issued on September 14, 2004). However, he states no detainer has been issued. He also asserts that there is no criminal case against him in Carroll County because it was dismissed in 2003. As a result of the outstanding warrant, Corzine states he is being prevented from participating in various programs including a work-release program.

Corzine alleges his original request for a speedy disposition was filed on January 5, 2005 (case number #04E5885). *See Corzine Exhibit* C (Doc. 1). Another request for speedy disposition of detainer was submitted on February 25, 2010. *See Corzine Exhibit* B (Doc. 1).

Corzine maintains he has been deprived of his liberty without due process of law and subjected to cruel and unusual punishment. As relief, Corzine requests damages and injunctive relief including the removal of the warrant and any untried charges.

## DISCUSSION

As noted above, two motions to dismiss are pending. In Sheriff Grudek's motion, he maintains Corzine's claims are barred by the three-year statute of limitation applicable to § 1983 cases. Grudek argues that any constitutional violations occurred in 2003 and/or on or about January 5, 2005.

In the motion filed on behalf of the State of Arkansas and Prosecuting Attorney Robert T. Rogers, II (collectively referred to as the State), the State argues any claim for monetary damages is barred by the doctrine of Sovereign Immunity. Moreover, it maintains any request for injunctive relief in the form of removal of the warrant and untried charges is moot. Finally, the State argues the claims are barred by the statute of limitations.

Number 0435885 is a bench warrant issued for Corzine's failure to appear for a status report on September 13, 2004, in CR 2003-111. *State Exhibits* B & E. In CR 2003-111, Corzine

was charged with Domestic Battery 3rd (second offense). *State Exhibit* D (felony information). The State has attached a copy of the judgment and disposition order filed April 28, 2010, nolle prossing the information and a copy of the order quashing the warrant entered on May 10, 2010. *State's Exhibits* G & H.

The claims for monetary damages against the State are barred by the Eleventh Amendment. *Will v. Michigan Dept. of State Police*, 491 U.S. 58 (1989). However, the Eleventh Amendment "generally does not bar claims for prospective injunctive relief against public officials in their official capacities." *Serna v. Goodno*, 567 F.3d 944, 952 (8th Cir. 2009). A case is moot when circumstances change to such a degree that "a federal court can no longer grant effective relief." *Beck v. Mo. State High School Activities Ass'n*, 18 F.3d 604, 605 (8th Cir. 1994). In this case, the claims for injunctive relief are moot. The information has been nolle prossed and the warrant quashed.

With respect to Sheriff Grudek, no claim is stated. Warrants are issued by the court and not the Sheriff. The Sheriff does not have the authority to quash a warrant. His authority, with respect to warrants, is to serve the warrants. No argument has been made, or could be made, that the warrant was not validly issued. The Sheriff is entitled to rely on a facially valid warrant. *See e.g., In re Foust*, 310 F.3d 849, 855 (5th Cir. 2002)(an official charged with enforcing a facially valid court order or warrant has no choice).

## CONCLUSION

For the reasons stated, I recommend that the motions to dismiss (Doc. 9 and Doc. 12) be granted and this case dismissed.

**The parties have fourteen (14) days from receipt of the report and recommendation in which to file written objections pursuant to 28 U.S.C. § 636(b)(1). The failure to file timely**

AO72A
(Rev. 8/82)

**objections may result in waiver of the right to appeal questions of fact. The parties are reminded that objections must be both timely and specific to trigger de novo review by the district court.**

DATED this 11th day of January 2011.

/s/ *J. Marschewski*
 HON. JAMES R. MARSCHEWSKI
 CHIEF UNITED STATES MAGISTRATE JUDGE

AO72A
(Rev. 8/82)